IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Lillian Skulsky                    :

    Plaintiff                  :    Case No. 3:16-CV-00009

v.                                 :    (Judge Richard P. Conaboy)

The Principal Financial Group      :

    Defendant                  :

FILED SCRANTON JUL 21 2016 PER [signature] DEPUTY CLERK

Memorandum

We consider here a Motion to Dismiss (Doc. 15) the Amended Complaint (Doc. 22) of Plaintiff Lillian Skulsky.  Plaintiff Skulsky's Amended Complaint alleges that, as the contingent annuitant listed in the pension plan that covered her deceased former spouse, she is entitled to receive 50% of his monthly benefit (approximately $418.00 per month) for the rest of her life. Defendant's Motion to Dismiss rests upon its contention that, because Plaintiff, who was divorced from her husband in 1997, was no longer a surviving spouse at the time of her former husband's death, she is categorically prohibited from receiving the benefits she seeks pursuant to restrictions in Pennsylvania's Act 600 Police Pension Law.  The pivotal question is whether a contract entered into between Plaintiff's former husband, Louis Farnell and his former employer, Phoenixville Borough, can supersede the terms of Act 600.  The parties have comprehensively briefed the motion and this issue is now ripe for disposition.

1

I.  **Jurisdiction and Applicable Law.**

Plaintiff's Amended Complaint sounds only in breach of contract and contains no issue of federal law.  The Court's jurisdiction here is founded purely on diversity of citizenship pursuant to 28 U.S.C. § 1332.  It is axiomatic that, as a federal court sitting in diversity, we must apply the law of the state in which we sit, in this instance the Commonwealth of Pennsylvania. See Erie Railroad Company v. Tompkins 304 U.S. 64(1938). Procedurally, however, the Federal Rules of Civil Procedure, as interpreted by federal case law will, apply.

II.  **Standard of Review.**

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  The Court emphasized that "only a complaint that states a plausible

2

> claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan*, 577 F.3d at 530. The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible

3

> claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Alleghany]*, 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at

\*2 (3d Cir. Sept. 24, 2009) (*quoting Twombly*, 550 U.S. at 555) (not precedential).

## III. Discussion.

As set forth in Plaintiff's Amended Complaint, the Court accepts as true the following allegations: (1) Plaintiff's former husband, Louis Farnell, was a member of the Phoenixville Borough police force until May 9, 1995; (2) Pursuant to Act 600, the Pennsylvania Municipal Police Pension Law, Mr. Farnell became eligible for Phoenixville Borough's Police Disability Pension in 1995; (3) Mr. Farnell's entitlement to the aforementioned disability pension was established pursuant to a federal lawsuit in which he named Phoenixville Borough as Defendant; (4) One of the components of the settlement agreement that resulted from the federal lawsuit was that Mr. Farnell relinquished the right to designate a beneficiary other than his then wife, Plaintiff Lillian Skulsky; (5) Mr. Farnell executed a form in May of 1995 that named "Lillian Farnell, wife" as his contingent annuitant under the Phoenixville Borough contract with the Principal Mutual Life Insurance Company (a predecessor to Defendant Principal Financial Group); (6) The Pension Payment Notice issued by Defendant's predecessor on May 9, 1995 specifically provides that "Your (Louis Farnell's) contingent annuitant is Lillian Farnell, wife. You may not change your contingent annuitant."; (7) Mr. Farnell and Plaintiff Lillian Skulsky divorced in 1997; (8) Lillian Skulsky

never remarried; (9) Louis Farnell died on November 6, 2014; (10) Louis Farnell never changed his beneficiary under the aforementioned insurance contract; (11) After Mr. Farnell's death Plaintiff applied for survivor's benefits under the contract; and (12) Defendant refused to pay Plaintiff survivor's benefits. Defendant's refusal to pay these benefits resulted in the filing of the instant lawsuit.

Plaintiff claims that she has a contractual right to receipt of survivor's benefits and asserts that these contractual rights were further ratified by a trial court of the United States District Court for the Eastern District of Pennsylvania. Plaintiff, however, has not supplied this Court with the text of the settlement agreement that ended that case. Instead she has provided this Court with a letter from her then husband's counsel to counsel for the Borough of Phoenixville that indicates the parties had agreed that she would have survivor's benefits under the borough's Act 600 plan regardless whether she was a "surviving spouse" at the time of her husband's death. See Doc. 22-3. She also asserts that Defendant continued to recognize that she was Louis Farnell's contingent annuitant for years after their divorce. See Document 29, Exhibit "E".

Defendant specifically points out that Plaintiff's amended complaint acknowledges that she is seeking survivor's benefits under Act 600. The Defendant asserts that because the Pennsylvania

6

Municipal Police Pension Law (Act 600) provides that survivors's benefits may be paid only to a surviving spouse or eligible children, and because Plaintiff does not enjoy either status, she is categorically prohibited from receipt of survivor's benefits pursuant to the Act 600 plan Defendant has underwritten for Phoenixville Borough.  While this result would defeat what could easily be perceived as the legitimate contractual expectations of Plaintiff Skulsky, Defendant asserts that to do otherwise would improperly elevate contractual expectation over the literal wording of Act 600.  Defendant has cited several cases for the proposition that payment of survivor's benefits to an ex-spouse is proscribed because of the narrow definition of survivor's benefits in Act 600. However, the Pennsylvania Supreme Court has never indicated that such is the case in every context and the cases cited by Defendant are somewhat factually dissimilar from the instant case.

While Defendant's argument is powerful and appealing in its simplicity, the Court believes that it does not yet know enough about the events that gave rise to this case to conclude, as required by Iqbal and Twombly, supra, that Plaintiff's Amended Complaint is "implausible" on its face.  The Supreme Court has instructed that the determination whether a pleading satisfies the "plausibility determination" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, supra, at 1950.  We now draw on that

judicial experience and common sense to conclude that, while Plaintiff's Amended Complaint may test the outermost boundaries of plausibility, we cannot conclude at this point that Defendant's motion should be granted.  Accordingly, Defendant's motion will be denied and the parties will be permitted to engage in discovery. Upon completion of discovery the Court stands ready to reassess the legal issues discussed herein in light of such facts as are established.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Judge

Dated: 7-20-16

8